815 F.2d 77
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Travis DIXON, Plaintiff-Appellant,
v.
Bill STORY, Warden, FCI, Ashland, Kentucky; and U.S. Parole
Commission and its members, Defendants-Appellees.
 No. 86-5886.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1987.
 
 Before LIVELY, Chief Judge, and JONES and GUY, Circuit Judges.
 
 ORDER
 
 1
 Petitioner appeals the district court's order denying him relief under Rule 60(b), Federal Rules of Civil Procedure, and moves this Court for in forma pauperis status. The matter has been referred to a panel of the Court pursuant to Rule 9, Rules of the Sixth Circuit. Upon examination of the certified record and documents filed in support thereof, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner, a federal prisoner, alleged in his suit filed under 28 U.S.C. Sec. 2241 that he is illegally confined beyond his presumptive parole date, in violation of the double jeopardy clause and in violation of procedural due process. His claims arise from institutional disciplinary proceedings which addressed petitioner's involvement in a drug related incident, March 23, 1982. The district court determined the release issue moot, the double jeopardy claim meritless and petitioner's lack of due process allegations barred by res judicata.
 
 
 3
 Upon consideration, this Court concludes that the district court's order denying petitioner's Rule 60(b), Federal Rules of Civil Procedure, relief was not an abuse of discretion and must be affirmed. See United States v. Work Wear Corp., 602 F.2d 110, 114 (6th Cir.1979). Petitioner's allegations are meritless. Proceedings conducted by prison authorities are administrative in nature, rather than criminal, and the results thereof do not subject an inmate to double jeopardy, even if the inmate has been acquitted on the related criminal charges prior to the internal proceedings. Taylor v. United States Parole Commission, 734 F.2d 1152 (6th Cir.1984); Steinberg v. Police Court of Albany, New York, 610 F.2d 449 (6th Cir.1979). Moreover, the delay of petitioner's disciplinary hearing was reasonable and justified in accordance with 28 C.F.R. Sec. 541.15. The hearing was held well within 48 hours of clearance from the FBI. Petitioner's allegation of illegal confinement beyond his presumptive parole date is moot. He was paroled on July 18, 1983, subsequent to the events alleged in this action. LoCicero v. Day, 518 F.2d 738 (6th Cir.1975); Taylor v. United States Parole Commission, 734 F.2d at 1154 n. 1. Finally, consideration to petitioner's motion to proceed in forma pauperis is unnecessary. The motion for the purpose of appeal was granted by the district court.
 
 
 4
 It is therefore ORDERED that the district court's order be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit. Petitioner's motion to proceed in forma pauperis is denied as moot.